IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DB50 2011-1 Trust, | : | Civil Action No. 15-CV-05726-MAS-DEA |
|     Plaintiff, | : | |
| | : | |
| v. | : | RESPONSE FILED ON BEHALF OF |
| | : | DB50 2011-1 TRUST UNDER |
| Michael N. Mastoris ; | : | ORDER TO SHOW CAUSE |
| Charles Edward Lincoln, III, *et al*, | : | WHY THIS MATTER SHOULD NOT BE |
|     Defendants. | : | REMANDED TO THE SUPERIOR |
| | : | COURT OF NEW JERSEY |
| | : | |
| | : | |

AND NOW, comes the Plaintiff/Respondent, DB50 2011-1 Trust (hereinafter, "DB50"), represented by The Law Offices of Barbara A. Fein, P.C., Barbara A. Fein, Esquire, responds as follows to the Order to Show Cause which issued September 25, 2015.

Defendant / Party seeking Removal, Charles Edward Lincoln, III (hereinafter, "Lincoln") argues that remand is impermissible due to untimeliness on the part of DB50's seeking remand. His Memorandum relies upon 28 U.S.C. §1447(c). Lincoln fails to apprehend that it is not DB50 seeking remand in this circumstance. To the contrary, the District Court entered its Order to Show Cause *sua sponte* under powers and authorization afforded it under 28 U.S.C. §1447(c):

> A motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under 28 U.S.C. §1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.** An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case [emphasis added].

For the most part, DB50 is content to rely upon the case law and statutory authority cited within the Order to Show Cause itself to support the basis for remanding this matter to the State Court for Mortgage Foreclosure. See Exhibit "R-1" appended hereto and incorporated herein by reference; Order to Show Cause entered September 25, 2015.

None of the issues raised under this Court's Order to Show Cause should be a surprise to Lincoln. DB50 commends to the attention of the District Court the findings and rulings of The Honorable Peter G. Sheridan, U.S.D.J., under Wells Fargo Bank, N.A. v. Mastoris, 2013 U.S. Dist. LEXIS 167424, 2013 WL 6154531 (2013), also known as U.S. District Court for New Jersey, Civil Action 13-5008(PGS)(LHG). A copy of that Civil Action's docket is appended hereto as Exhibit "R-2". A copy of Judge Sheridan's ruling entered November 22, 2013 is appended hereto as Exhibit "R-3".

Judge Sheridan's Opinion contains findings of fact as the identity and residency of Lincoln and others, and other matters, which are precluded from re-litigation in this circumstance under the Doctrines of Claim and Issue Preclusion. The Court's ruling in Wells Fargo Bank discusses these same "Standards for Removal and Remand" and its "Analysis" mirrors that which the District Court deems relevant here. For example, Footnote 2 under this Opinion identifies Lincoln and his recent litigation history, etc.

Lincoln's argument that this Honorable Court must retain jurisdiction under 28 U.S.C. §1332 is entirely unsupportable. Statutory authority governing Diversity Jurisdiction at 28 U.S.C. §1332 provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
>   (1) citizens of different States;
>   (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action

    between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
    (3)  citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4)  a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

As the District Court is keenly aware, the suit removed by Lincoln is a Mortgage Foreclosure.  The relief sought under the Complaint's *ad damnum* clause is *in Rem.*  No monetary damages are sought.  There is no monetary threshold Lincoln can meet to sustain diversity jurisdiction.

  Diversity is equally impossible to establish.   Witness DB50's appended Exhibit "R-4", the Superior Court of New Jersey ACMS Public Access Case Disposition Detail.  It identifies 34 distinct defendants.  At least 13 of those defendants 13 reside in or are incorporated businesses operating in New Jersey.[1]   Where at least 13 of the 36 defendants named reside in New Jersey, or are businesses operating and incorporated in New Jersey, diversity cannot be successfully argued.

  Noteworthy and particularly troubling should be the matter of the Removing Party's own domicile...and his failure to disclose same.  Lincoln's domicile is unidentified under the Notice of Removal and his own attorney concedes he does not know it.  Lincoln avers he was "born in Texas", "registered to vote in Los Angeles, California" and "living in New Orleans, Louisiana".

---

  [1]  Affidavits of Service filed with the Superior Court of New Jersey reflect personal service of original process was effectuated in the State Court Foreclosure Action upon New Jersey Defendants.  At least 13 of the defendants reside or operate in New Jersey:  002  Michael N. Mastoris, 24 Hluchy Road, Trenton, NJ 08691;   008  Rosenfarb Winters Co, *et al*, 101 Eisenhower Parkway, 4th Floor, Roseland, NJ 07068; 009 & 010 Peter K. Skopas and Spiros P. Tochlis, 13Holland Lane, East Windsor, NJ 08512;   011 Cranberry Enterprises LLC, 32 Bridge Street, Frenchtown, NJ 08825;   012 Princeton Anesthesia Services, PC, 25 Pompton Avenue, Suite 204, Verona, NJ 07044;   013 Hickory Ridge Farm a/k/a HRF Inc., c/o Laurette Vann Pelt, 1919 Atlantic Avenue, Trailer 5, Manasquan, NJ 08736;   014 Joseph A. Vitella, 32 Maddock Road, Titusville, NJ 08560;   016 Klatzkin and Company, LLC, 600 Alexander Road, Suite 3-4A, Princeton, NJ 08016;   018 Grand Bank, N.A., 1 Edinburg Road, Hamilton, NJ 08619;   019 The Auctioneers Group, 22 Smock Street, Neptune, NJ 07764;   036 Jane and John Does, Occupants/Tenants at 221 Squan Beach Drive, Mantoloking, NJ 08738.

DB50 requests that this Honorable Court take judicial notice of Exhibit "R-5" appended hereto. Culled from PACER data banks maintained nationwide, it lists 66 Federal civil cases involving or naming Charles Edward Lincoln, III. He is a Plaintiff in 27 of those cases dating from 2002 forward. DB50 requests that this Honorable Court consider its composite Exhibit R-6" assembled from these suits as to Lincoln's "domicile":

- Under criminal matter Case 2:08-cr-00001 [DOC 2], The United States of America v Lincoln, The Honorable Janis Graham Jack entered an Order including findings of fact ; Effective February 2, 2008 the U.S. District Court found Lincoln to be a resident of Texas ;

- Case 1:09-cv-00430 PACER Docket ; Action instituted by Lincoln on September 1, 2009 against Northwest Trustee Services, Wells Fargo Bank, *et al*, filed in the U.S. District Court for the District of Idaho, identifying his residence 603 Elmwood Place, #6, Austin Texas 78705;

- Case 8:09-cv-01072 [DOC 1] ; Filed by Lincoln on September 16, 2009 in the U.S. District Court for the Central District of California, Santa Ana Vicinage (Southern Division), identifying himself only two weeks later as:

  ...an individual (citizen of Texas by birth, Driver's License and most recent voter registration, resident in Massachusetts and Florida by most recent durable addresses, who owns, temporarily resides in, occupies, utilizes, operates, manages and leases property under the laws of the state of California. Lincoln uses the premises at the present time as his principle [sic] place of real estate consulting business in California, based at 4 Via Corbina in Rancho Santa Margarita, Orange County, California 92688;

- Case 2:10-cv-00615 PACER Docket ; Suit instituted by Lincoln, *et al* on January 28, 2010, against California Reconveyance Company, in the U.S. District Court for the Central District of California (Western Division – Los Angeles) identifying his residence as 1928 Fletcher Avenue, South Pasadena, California;

- Case 3:10-cv-01319 [DOC 1] ; Filed by Lincoln on March 12, 2010 in the U.S. District Court for the District of New Jersey, Mantoloking Division [sic], a self-styled "Complaint for Quiet Title and Breach of Contract" filed with respect to this same property, alleging it to be "...the Plaintiff's Homestead real estate located at...221 Squan Beach Drive, Mantoloking, Ocean County, New Jersey 08738" ;

- In the same case, Civil Action 10-cv-01319, Lincoln alternatively identifies his residence as c/o Peyton Freiman, 603 Elmwood #6, Austin, Texas 78705 ;

- Case 1:10-cv-10484 [DOC 1] ; Filed by Lincoln on March 22, 2010 in the U.S.

  District Court for the District of Massachusetts Eastern Division, a "Complaint for Damages and Declaratory Judgment", alleging diversity jurisdiction to exist there by virtue of his residency under Paragraph 7:   "Plaintiff Lincoln resided for three months (July, August and September, and part of October 2008) in Massachusetts (and again during June, July, and August of 2009) but owns real estate and maintains his permanent residences in Texas, Florida, and California";

- Case 2:10-cv-06688 PACER Docket ; Action instituted against The State of California by Lincoln, *et al*, on September 8, 2010 (terminated approximately one month later), identifying his residence as 201 Orange Grove Avenue, South Pasadena, CA 91030; and

- Case 2:10-cv-07994 [DOC 1] ; Approximately 6 weeks later, filed by Lincoln on October 22, 2010 in the U.S. District Court for the Central District of California (Los Angeles), identifying his residence as 603 Elmwood Place, #6, Austin Texas 78705.

  Further, DB50 appends to this its Response Lincoln's six-page Declaration which lists any number of possible residences.  Insofar as Lincoln's own attorney does not know where he resides and given the staggering number of suits which Lincoln has instituted or caused to have instituted on his behalf in the U.S. District Courts alone, his failure to provide any evidence of where he is domiciled cannot be attributed to mere oversight.

  For all the foregoing reasons, and in reliance upon those cases and statutory bases set forth under the Order to Show Cause itself, DB50 respectfully requests that this matter be remanded to the Superior Court of New Jersey, Ocean County Vicinage, Chancery Division, that its foreclosure may proceed without further delay.

          Respectfully Submitted,

          THE LAW OFFICES OF BARBARA A FEIN, P.C.

         BY:   /s/ Barbara A Fein
          Barbara A. Fein, Esquire
          Attorney for DB50 2011-1 Trust, Plaintiff

Dated: October 13, 2015