**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DB50 2011-1 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL N. MASTORIS, et al.,<br><br>Defendants. | Civil Action No. 15-5726 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on an Order to Show Cause by the Honorable Douglas E. Arpert, U.S.M.J. ("Judge Arpert"), directing defendant Charles Edward Lincoln III ("Defendant") to show cause as to why this action should not be remanded to state court for lack of subject matter jurisdiction and/or improper removal.[1] (ECF No. 10.) Defendant filed his response to the Order to Show Cause on October 5, 2015 (ECF No. 11), and Plaintiff DB50 2011-1 Trust ("Plaintiff") filed its reply October 13, 2015 (ECF No. 13). For the reasons set forth herein, this matter shall be remanded.

**I.    Background**

This is a mortgage foreclosure action that was initiated by Plaintiff in the Superior Court of New Jersey on January 28, 2015. Defendant is one of over thirty named defendants and is the

---

[1] To the extent any procedural defects in the removal may have been identified in the Order to Show Cause, the Court need not address them in light of its conclusion herein that subject matter jurisdiction is lacking.

only defendant presently appearing in the case. On July 23, 2015, Defendant removed the action from the Superior Court of New Jersey. (ECF No. 1.)

It is well-established that federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court is required to determine whether it has jurisdiction even if none of the parties to an action have made a jurisdictional challenge. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993). In the present case, it appearing to the court that Defendant's removal may have been defective and that subject matter jurisdiction may be lacking, on September 25, 2015, Judge Arpert entered an Order directing Defendant to show cause as to why this action should not be remanded to state court. In response to the Order to Show Cause, Defendant asserts the following grounds for subject matter jurisdiction: (1) bankruptcy removal; (2) United States is a party; (3) federal defenses; (4) civil rights removal; and (5) diversity. The Court will address each of these below.

**II.    Analysis**

   **A.    Bankruptcy Removal**

According to the Complaint, defendant Michael Mastoris, who has not to date appeared in this case, is the obligor/mortgagor with respect to the mortgage that underlies this action. On January 27, 2014, Mastoris filed a Chapter 13 Petition in the United States Bankruptcy Court for the District of New Jersey.[2] (*See* Bankr. Case No. 14-11314.) Plaintiff moved for and was granted relief from the automatic stay in the bankruptcy action on July 23, 2014. Thereafter, Plaintiff filed

---

[2] The matter was subsequently converted to a Chapter 11 case and then a Chapter 7 case. (*See* Bankr. Case No. 14-11314, ECF Nos. 27, 139.)

this foreclosure action in state court. Mastoris was granted a Chapter 7 discharge by the Bankruptcy Court in July 2015.

In light of Mastoris's bankruptcy, Defendant contends that removal of this case was proper under 28 U.S.C. § 1452(a). Section 1452 provides that a party may remove claims in a civil proceeding when the district court has jurisdiction over the claims under 28 U.S.C. § 1334. Pursuant to § 1334, district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, "jurisdiction potentially extends to four types of title 11 matters: '(1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.'" *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2005) (quoting *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 162 (3d Cir. 2004)). Defendant alleges that this matter is "related to" Mastoris's bankruptcy case.

"[A] proceeding is 'related to' a bankruptcy case if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *See Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) (quoting *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Here, Defendant has not shown, or even attempted to show, how the outcome of this proceeding could conceivably have any effect on the estate being administered in bankruptcy. The Notice of Removal itself states that Mastoris has no "right, title or interest" in the property that is the subject of this foreclosure action, and the Bankruptcy Court so held in September 2014. (Notice of Removal 3, ECF No. 1.) Indeed, the Notice of Removal states that Mastoris may have been "improperly" named as a defendant in this action. (*Id.*) As such, the Notice of Removal

itself undermines Defendant's contention that removal of this case was proper under 28 U.S.C. § 1452(a).

Further, even if this matter were related to the bankruptcy proceeding, the Court would nevertheless conclude that it must be remanded pursuant to the abstention provisions of 28 U.S.C. § 1334. Under § 1334, there is mandatory and permissive abstention. Under § 1334(c)(2), a lawsuit must be remanded to state court if the following five factors are present:

> (1) a timely motion is made;
> (2) the proceeding is based upon a state law claim or state law cause of action;
> (3) the proceeding is 'related to' a case under title 11, but does not 'arise in' title 11 or 'arise under' title 11;
> (4) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and
> (5) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2); *see Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006); *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 757 (D.N.J. 1996). But for the timely motion, all of these factors would be present here.

However, when 28 U.S.C. § 1334(c)(2) does not mandate abstention, 28 U.S.C. § 1334(c)(1) nevertheless permits a federal court to abstain from hearing state law claims "[i]n the interest of justice, or in the interest of comity with State courts or respect for State law" if that proceeding arises under title 11 or arises in or is related to a case under title 11. 28 U.S.C. § 1334(c)(1). Courts consider a number of factors in determining whether abstention is appropriate under § 1334(c)(1), including: "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and

(7) prejudice to the involuntarily removed defendants." *Shalom Torah Ctrs. v. Phila. Indem. Ins. Cos.*, No. 10-6766, 2011 WL 1322295, at *4 (D.N.J. Mar. 31, 2011).

The applicable factors here weigh in favor of abstention. This is a foreclosure action under state law. The relation to the identified bankruptcy case, if any, is remote. The action was commenced in state court and this Court finds that "the interest of justice, . . . the interest of comity with State courts[, and] respect for State law" warrant that it continue in state court. 28 U.S.C. § 1334(c)(1). Abstention, therefore, is appropriate under § 1334(c)(1).

### B.     United States as a Party

Defendant also argues that the Court has subject matter jurisdiction because of the presence of the United States as a named defendant in this foreclosure action. This argument lacks merit. Removal of foreclosure actions in which the United States is a party is governed by 28 U.S.C. § 1444. As explained recently by another district court addressing a similar argument under similar facts:

> State courts possess jurisdiction over foreclosure claims by the United States when the United States has a lien on the property. 28 U.S.C. § 2410.[3] Further, 28 U.S.C. § 1444 provides that the United States may remove a foreclosure case from state court to federal court, but does not provide the same right to private defendants. However, 28 U.S.C. § 1444 does not in and of itself confer subject-matter jurisdiction on a federal court merely because the United

---

[3] The relevant portion of 28 U.S.C. § 2410 provides as follows:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

5

> States is a party. *Hood v. United States*, 256 F.2d 522, 525 n.6 (9th Cir. 1958); *Wells v. Long*, 162 F.2d 842, 844 (9th Cir. 1947); *Nat'l R.R. Passenger Corp. v. Delaware*, 441 F. Supp. 302, 303 (D. Del. 1977). Only the United States can invoke the jurisdiction of a federal district court under this statute. *Id.*

*U.S. Bank N.A. v. Paladino*, No. 15-80846, 2015 U.S. Dist. LEXIS 81176, at *3 (S.D. Fla. June 23, 2015). "[J]urisdiction cannot be predicated merely upon the fact that the United States is a party, unless the United States (pursuant to the removal statute) invokes the jurisdiction of (the federal) court." *Hood v. United States*, 256 F.2d 522, 525 n.6 (9th Cir. 1958). Accordingly, Defendant's argument that subject matter jurisdiction exists as a result of the mere presence of the United States as a party fails.

### C.     Federal Defenses

Defendant contends that the Court has subject matter jurisdiction over this action because of the existence of federal defenses that can be asserted by Defendant. However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396 (1987); *see also R. Labor Execs. Ass'n v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 939 (3d Cir. 1988) ("In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint."). As the Supreme Court has stated, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

Nevertheless, Defendant argues that he has a right to remove this action under 28 U.S.C. § 1442 (federal officer or agency removal) because he has allegedly raised a "colorable Federal Defense" that, he contends, implicates the interests of the United States, the Internal Revenue Service, and the Securities and Exchange Commission. "Section 1442(a) is an exception to the well-pleaded complaint rule" and a colorable federal defense is sufficient to confer federal jurisdiction, albeit in very specific circumstances. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006). This statute provides in pertinent part:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: . . . The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]

28 U.S.C. § 1442(a)(1). In order for Defendant to properly remove under § 1442, Defendant must show that (1) he is a "person" within the meaning of the statute; (2) the Plaintiff's claims are based upon the Defendant's conduct "acting under" the United States, its agencies, or its officers; (3) Plaintiff's claims against Defendant are "for, or relating to" an act under color of federal office; and (4) Defendant has raised a colorable federal defense to the Plaintiff's claims. *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 467 (3d Cir. 2015). Simply put, Plaintiff has not met, or even attempted to show that he meets, these elements. As such, he has not established that removal is proper under 28 U.S.C. § 1442.

D. **Civil Rights Removal**

Section 1443 of Title 28 of the United States Code authorizes the removal of a state law action when a person is being denied "equal" civil rights and cannot enforce those rights in the

state courts. 28 U.S.C. § 1443(1). The Court of Appeals for the Third Circuit has noted that "[t]his provision applies in rare cases." *Delaware v. Burr*, 523 F. App'x 895, 897 (3d Cir. 2013). The Supreme Court has articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-prong test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "denied or cannot enforce that right in the courts" of the state. *Georgia v. Rachel*, 384 U.S. 780, 788 (1966). In construing the first requirement, the Supreme Court determined that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id.* at 792.

Perhaps recognizing his difficulty in meeting these elements, Defendant makes a "good faith contention to reverse prior law" and asks the Court to modify these requirements to include "civil rights discrimination based on membership in a discrete and politically disadvantaged class of homeowners, compared with a broad and politically powerful class of bankers and credit managers." (Def.'s Br. 14, ECF No. 11.) This Court, however, is bound by the precedent established by the Supreme Court.

Anticipating the Court's rejection of his invitation to modify the applicable Supreme Court precedent, Defendant contends that there exists race-based discrimination in the New Jersey state courts. He argues that civil rights removal is appropriate in this case, asserting that "New Jersey [applies] and implement[s] its statutory programs" in a manner that is biased against "White Anglo-Saxon Protestants such as [Defendant]." (*Id.* at 22.) By way of example, he points out that the New Jersey courts recognize Hispanic Heritage Month and Black History Month. (*Id.*) Further, Defendant has "observed that in the New Jersey Superior Courts and Title Registry

8

Courthouses, there are abundant self[-]help handouts, pamphlets and signs and instructions in Spanish, but almost none in English." (*Id.*) He also states that "the original White Anglo-Saxon Protestant Population and historical places and monuments in New Jersey . . . are largely being encircled by Hispanic and Black culture and relegated to forgotten nothingness." (*Id.*) Nothing Defendant points to, however, raises any implication that Defendant was being deprived of his civil rights or would be unable to enforce such rights if this matter proceeded in state court. As such, the Court finds removal under § 1443 to be improper in this case.

### E. Diversity

Defendant asserts that diversity jurisdiction exists in this case, and, therefore, removal is proper under 28 U.S.C. § 1441. According to Defendant, he is a citizen of Louisiana. (Def.'s Br. 24.) Defendant is silent as to the citizenship of the other defendants to this action.

With respect to the citizenship of Plaintiff, Defendant states that "it is simply impossible to determine the citizenship of the DB50 2011-1" except by looking to the state of its registration and the location of its registered agent, both of which are Delaware. (*Id.* at 26.) This, however, is not the rule. For purposes of diversity jurisdiction, the citizenship of the trustees and/or the beneficiaries control in determining the citizenship of a trust. *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007); *see also Zambelli*, 592 F.3d at 420 (citizenship of unincorporated associations determined by the citizenship of its members).

Although Defendant's brief baldly states that he has "diligently" sought to ascertain the identity of a trustee or beneficiary of Plaintiff, he has provided no facts establishing his efforts or establishing a basis for his apparent belief that once the relevant identities are known, complete diversity will be shown. Nevertheless, Defendant contends that the Court "should order immediate disclosure by Plaintiff of all trustees and beneficiaries of the DB50 2011-Trust, their names,

addresses, and the nature and extent of their equitable and legal ownership, authority, and interests." (Def.'s Br. 28.) He cites no authority supporting this contention.

As previously noted, a federal court is one of limited jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Defendant, as the party seeking to invoke the jurisdiction of this Court, "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). In failing to assert the citizenship of Plaintiff and of the other defendants in this action, Defendant has not established that complete diversity exists between the parties.

### III. Conclusion

As the Third Circuit has cautioned, "[w]e presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Phila. Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal citations and quotation marks omitted). For the reasons set forth above, the Court finds that Defendant has not met his burden to show "that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

Accordingly, this matter shall be remanded to the Superior Court of New Jersey. An appropriate Order accompanies this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 27, 2016